CAIN-WHITE & CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cain-White & Co. v. Commissioner
Docket No. 1049-77.
United States Tax Court
T.C. Memo 1978-438; 1978 Tax Ct. Memo LEXIS 78; 37 T.C.M. (CCH) 1829; T.C.M. (RIA) 78438; November 2, 1978, Filed Lloyd Taylor, for the petitioner. Gordon W. Cook, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies and certain additions to petitioner's Federal income taxes for the years and in the amounts as follows: FYE
Amount
Sec. 6653(a) [1]
6/30/73
$ 13,249.75
$ 662.49
6/30/74
15,907.80
795.39
Concessions having been made, [2] we are to decide the extent to which certain payments made by petitioner to its pension and profit-sharing plans are deductible during the years in issue. All of the facts in this case have been stipulated and are so found. Petitioner Cain-White & Co., Inc. maintained its principal office at Los Altos, Calif., when the petition herein was filed. The corporation timely filed its Federal income tax returns for its *80 years ending June 30, 1973, and June 30, 1974, on December 6, 1973, [3] and September 18, 1974, respectively. During the years in issue, petitioner maintained a pension and a profit-sharing plan to which it made the following payments: Check No.
Date Drawn
Date Paid
Amount
865
9/11/73
9/12/73
$ 6,000
1233
6/29/74
9/16/74
15,000
1234
6/29/74
9/17/74
15,000
In computing its taxable income for its year ending June 30, 1973, petitioner deducted the $ 6,000 payment represented by check No. 865. The other two payments of $ 15,000 each were deducted by petitioner on its Federal income tax return for its year ending June 30, 1974. In his statutory notice, respondent disallowed as a deduction petitioner's payment of $ 6,000 represented by its check No. 865 for petitioner's fiscal year ending June 30, 1973. [4] In addition, respondent disallowed as a deduction for its year ending June 30, 1974, petitioner's payments totaling $ 30,000 represented by its check Nos. 1233 and 1234. Respondent's *81 adjustments were based on his belief that the payments were not timely made. The sole issue for decision is the extent to which certain payments made by petitioner to its pension and profit-sharing plans are deductible during the years in question. With certain limitations and restrictions not relevant here, section 404(a) allows as a deduction contributions made by an employer to a pension or profit-sharing plan. Section 404(a)(1) and (3). Generally the deductions are allowable only for the year in which the contributions are actually paid regardless of the taxpayer's method of accounting. Section 1.404(a)-1(c), Income Tax Regs. An exception to this "year-of-payment" rule is found in section 404(a)(6) which allows an accrual basis taxpayer a current deduction for contributions made by it prior to the due date of its tax return, including extensions. [5]
*82 In the present case, petitioner contends that it employs a "hybrid" system of accounting as authorized by regulation section 1.446-1(a)(2). Under its system, petitioner accounts for most of its transactions on a cash receipts and disbursements basis. However, deductions for its contributions to its pension and profit-sharing plans are accounted for under the accrual method. [6]
Because it accounts for its contributions on an accrual basis, and because for each of the years in issue it actually paid such contributions prior to the due date of its returns, pursuant to section 404(a)(6), petitioner maintains that it is entitled to a deduction for the year of accrual. We disagree. Generally section 446(c) *83 allows a taxpayer to compute its taxable income under either a cash or an accrual method of accounting. Subsection (4) of section 446(c) authorizes the use of a hybrid system of accounting if it is "permitted under regulations prescribed by the Secretary." In this regard, the regulations permit the use of a combination of a cash and accrual system of accounting if such system clearly reflects income and is consistently used. See section 1.446-1(c)(1)(iv), Income Tax Regs. However, the regulations restrict the use of a hybrid system in certain cases. In particular, regulation section 1.446-1(c)(1)(iv)(a) provides in pertinent part: a taxpayer who uses the cash method of accounting in computing gross income from his trade or business shall use the cash method in computing expenses of such trade or business. Here petitioner utilizes the cash method of accounting in computing gross income from its trade or business, and so it must also use the cash method in accounting for any expenses, such as compensation, which relate to such business. Included within the term "compensation" are any payments to a pension or profit-sharing plan. See section 404(a). Accordingly, petitioner must *84 use the cash method to account for any expenses relating to its contributions, and is therefore not entitled to rely on section 404(a)(6) in determining the proper year for deducting such contributions. Since petitioner must account for its contributions on a cash basis, we must decide whether it actually paid such contributions within the taxable year of the claimed deduction. In this respect, the $ 6,000 deducted by petitioner for its year ending June 30, 1973, was neither drawn nor paid until after the end of its fiscal year and therefore is not deductible for that year. With regard to the two $ 15,000 payments deducted by petitioner for its year ending June 30, 1974, the facts show that the two checks representing those payments were drawn prior to the fiscal year end but not paid until sometime thereafter.
As a general rule, a check drawn and delivered in one year and duly presented and paid in the following year satisfies the requirement of "payment" in the prior year under a relation-back analysis. Estate of Spiegel v. Commissioner,12 T.C. 524 (1949). However, to come within the purview of this rule, the check, absent some extenuating circumstances, *85 must be paid in the ordinary course of business or at least be delivered to the payee without restriction on payment. Estate of Spiegel v. Commissioner,supra, at 533. Under our facts the two $ 15,000 checks were not paid until nearly two and one-half months after their having been drawn. This delay in payment was certainly not in the ordinary course and petitioner has offered no evidence to explain the delay. Furthermore, the record is devoid of any evidence showing that the checks were delivered on the date drawn. Absent such proof, we are constrained to hold that the two $ 15,000 payments were not timely made within section 404(a) and hence petitioner may not deduct such payments for its year ending June 30, 1974. See Don E. Williams Co. v. Commissioner,429 U.S. 569 (1977). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and in effect for the years in issue.↩
2. Among other items, respondent has conceded the sec. 6653(a) addition to tax for both years.↩
3. Petitioner received an extension on the due date for filing its return for its year ending June 30, 1973, from September 15, 1973, to December 15, 1973.↩
4. However, respondent permitted the deduction of such $ 6,000 payment for petitioner's year ending June 30, 1974.↩
5. Subsequent to the years in issue sec. 404(a)(6) was amended to allow cash basis taxpayers to deduct pension and profit-sharing payments made subsequent to the end of their taxable year, but prior to the due date of their return. However, this amendment is effective only for plan years commencing after December 31, 1975. See Pub. L. No. 93-406, secs. 1013(c)(2) and 1017(b), 1974-3 C.B. 92↩, 101.
6. We note that the stipulated facts in this case do not indicate petitioner's method of accounting. However, both parties have presented their arguments based on the assumption that petitioner maintained its records, with the exception of its contributions to its pension and profit-sharing plans and its Federal payroll tax deposits, on the cash receipts and disbursements method of accounting. For purposes of this opinion we will treat this assumption as being correct.↩